UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE A. CARDOSA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br>OMNI HOTELS MANAGEMENT CORPORATION, *et. al.*,<br>　　　　　Defendants. | Civil No. 15cv1080 JAH (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**<br>[Doc. No. 5 ] |

Pending before the Court is Plaintiff's motion for remand. The motion are fully briefed. After a review of the parties' submissions, the Court GRANTS Plaintiff's motion for remand.[1]

## BACKGROUND

Plaintiff, Guadalupe A. Cardosa, originally filed a complaint for violations of the California Labor Code, violation of IWC Wage Order and violation of Business and Professions code in Superior Court on February 25, 2015, naming Omni Hotels Management Corporation, Omni La Costa Resort & Spa, LLC, Omni Rancho Las Palmas, LLC, Omni San Francisco Corporation, Omni Los Angeles Hotel at California Plaza, Omni San Diego Hotel and Does 1 through 300 as defendants. Defendants removed the action

---

[1] Also pending before the Court is Defendants' motion to dismiss. Because the Court finds it lacks jurisdiction and remand is appropriate, it will not address Defendants' motion.

to Federal Court on May 13, 2015, asserting Plaintiff's claims are preempted under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185. Shortly thereafter, they filed a motion to dismiss. Plaintiff filed the pending motion for remand on June 12, 2015. Defendants filed an opposition to the motion to remand and Plaintiff filed a reply. The motion was set for hearing but was taken under submission pursuant to Local Rule 7.1.

## DISCUSSION

Plaintiff seek remand of the action to Superior Court and requests fees and costs associated with the remand pursuant to 28 U.S.C. section 1447(c).

### I. Legal Standard

The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. section 1441 *et seq.* A state court action can be removed if it could have originally been brought in federal court. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9-10 (1983). The plaintiff is the master of the claim, and federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint. See

Caterpillar, 482 U.S. at 392.

Under the well-pleaded complaint rule, a plaintiff may generally avoid federal jurisdiction by pleading solely state-law claims. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir.2005). A corollary to the well-pleaded complaint rule is the "complete preemption doctrine," which may "convert[ ] an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, 482 U.S. at 393.  The Supreme Court has repeatedly held Section 301 of the LMRA preempts state law when a state-law claim requires the interpretation of a collective bargaining agreement. See Lingle v. Norge Div. of Magic Chev, Inc., 486 U.S. 399, 413 (1988); International Brotherhood of Elecrical Workers, AFL–CIO v. Hechler, 481 U.S. 851, 853, (1987); Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 210, (1985).  Section 301, however, does not preempt every claim that involves a collective bargaining agreement ("CBA"). "[T]he bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). "[D]efensive reliance on the terms of the CBA, mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim." Humble v. Boeing Co., 305 F.3d 1004, 1008 (9th Cir. 2002) (citing Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691–92 (9th Cir. 2001)).

Section 301 "is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship." Valles, 410 F.3d at 1076.  Thus, a claim brought on the basis of a mandatory state law is not preempted, even if an identical claim could be brought under Section 301. Id. (citing Livadas, 512 U.S. at 123 (1994)). Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." Id.  If the law were otherwise, employers could immunize themselves from suit under state labor laws of general applicability by including unlawful terms in collective bargaining agreements.  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1111 (9th Cir.2000).

## II. Analysis

Plaintiff argues the CBA does not apply to her, and her complaint raises no federal preemption. As such, she contends, the action should be remanded to Superior Court.

### A. Applicability of the CBA

Plaintiff argues by its own terms, the CBA does not apply to her. She contends the CBA is between the La Costa Resort and Spa and UNITE HERE Local 30, AFL-CIO, and it does not cover dishwashers or employees that are placed by third-party staffing agencies classified as independent contractors. Plaintiff maintains she was never part of a union but was simply placed by a third party staffing agency to work at Omni and was classified as an independent contractor. She further maintains she never saw the CBA, never knew it existed, and did not opt-in to any union, and no one ever informed her that her working conditions were subject to a CBA. Additionally, she contends the CBA requires employees to submit an application for membership in the Union or tender appropriate fees to the Union, and further requires the employer to report to the Union the names of all new employees subject to the agreement. She maintains she never applied for membership in the union, and Defendant Omni has not provided any evidence of a report identifying Plaintiff as one of the new employees subject to the agreement.

Defendants argue preemption applies despite Plaintiff's assertion she was not subject to the CBA. They contend Plaintiff misinterprets the CBA when she argues dishwashers are not covered. They maintain employees who perform dishwasher duties are covered by the "steward" classification, and the putative class members perform the duties of multiple other classifications covered by the CBA. They argue the fact it is necessary to interpret and apply the CBA to determine whether she and putative class members are covered establishes preemption. They further argue Plaintiff cannot have it both ways by contending she and other putative class members were and are employees of Defendants, yet at the same time assert the CBA applicable to Defendants' employees does not apply to her or the putative class. Additionally, they argue Plaintiff's assertions that she was unaware of the CBA and never applied for membership in the Union do not

defeat preemption.

In reply, Plaintiff argues Defendants' argument that Plaintiff must be covered by the CBA as a steward fails because nowhere in the complaint does she mention being a steward and nowhere in the complaint or CBA is the term steward defined to encompass dishwashers. Defendants argument that because the Court has to determine whether a dishwasher is a steward for purposes of the CBA, it must interpret the CBA and federal preemption should apply, fails because it would allow any employer who has a CBA to bring about federal jurisdiction.

As an initial matter, the Court finds consulting the CBA to determine whether Plaintiff is a covered by the agreement does not establish preemption. See Humble v. Boeing Co., 305 F.3d at 1008.

The CBA reads, in pertinent part:

> The Employer recognizes the Union as the sole collective bargaining agent for all employees now or hereafter employed by the Employer in the positions listed in the schedule attached hereto as Schedule "A" and incorporated herein by reference (hereinafter referred to as "employees") for the purpose of collective bargaining with respect to minimum rates of pay, hours of work and other conditions of employment.

CBA, Defs' Exh. A at 1 (Doc. No. 6-1); Def's Exh. B at 1 (1-3).

Schedule A of the CBA does not include the term "dishwashers." Defendants maintain "steward" includes dishwashers, however, there is nothing in the CBA indicating such. Additionally, Plaintiff argues the CBA does not apply to "employees that are placed by third-party staffing agencies that it classifies as independent contractors," and points to the language of the Memorandum of Understanding between La Costa and UNITE HERE Local 30 AFL-CIO, which reads, in pertinent part, "[t]his MOU shall cover all full-time and regular part-time employees listed in the attached Schedule A." Def's Exh. A (Doc. No. 6-1). The agreement also requires the employer to report all new employees subject to the agreement to the Union. There is no indication her employer ever reported to the Union that Plaintiff was an employee subject to the CBA. Plaintiff was never a member of the union and was never told her position required membership in the union. Reading the agreement as a whole and interpreting the provisions together, the Court finds

Plaintiff is not a covered employee of the CBA. See Faaola v. GES Exposition Servs., Inc., 2009 WL 2447715, at *3 (N.D.Cal. 2009) (citing Int'l Broth. of Elec. Workers, Local 387, AFL-CIO v. N.L.R.B., 788 F.2d 1412, 1414 (9th Cir.1986)) ("Collective bargaining agreements must be read as a whole and in light of the law relating to it when made.").

### B.  Federal Preemption

Plaintiff argues her complaint was properly pled and neither the "artful pleading doctrine" nor the "complete preemption doctrine" apply.  Plaintiff maintains she was unaware of the CBA until her counsel received the petition for removal.  She contends courts only invoke the artful pleading doctrine in limited circumstances, such as cases involving complete federal preemption or cases that raise a substantial federal question, neither of which exist in the present case. She further contends complete preemption only applies when federal statutes provide an exclusive cause of action for the claim asserted and set forth procedures and remedies governing that cause of action.  She argues Defendants have not, and cannot, point to any provision in the CBA which addresses the heart of her complaint, namely, California labor code violations for wages, including overtime, meal and rest periods, and unfair business practices.  Plaintiff maintains her complaint is exclusively and completely based upon properly plead state law claims, and makes no reference to the CBA or a violation of it and the right to relief in this case is not dependent on resolution of any federal law dispute.  Therefore, she argues, the artful pleading doctrine is not applicable here.

Plaintiff further argues her claims do not require any interpretation of the CBA because it concerns non-negotiable state rights.  She contends the fundamental rights and protections afforded to employees under California's labor code are nonnegotiable and nonwaivable.  She maintains she is not seeking to enforce any CBA provisions and is relying entirely on non-negotiable state statutes.  Therefore, she argues, her claims are not preempted under section 301 and this action should be remanded back to Superior Court. She also argues even if the Court finds that the CBA applies to her, it does not matter because she is attempting to enforce no rights or provisions of the CBA, rather, she is

seeking the enforcement of independent state rights.

Defendants argue Plaintiff and the putative class's right to overtime compensation is created by the CBAs.[2] They contend Plaintiff's first cause of action seeks overtime compensation pursuant to Labor Code section 510, but fail to take into account the provisions of Labor Code section 514 nullifying the overtime requirements of Labor Code section 510 for any employee covered by a valid collective bargaining agreement. Defendants maintain the CBAs provide for wages, hour of work, and working conditions and also include a detailed and complex system that provides premium wage rates for all overtime hours. Therefore, Defendants argue, Plaintiff and the putative class are not entitled to protections of the Labor Code.

Defendants further argue preemption also applies here because interpretation and application of the CBAs will be required to determine Plaintiff's overtime, meal/rest period, split shift, wage statement and waiting time penalty, Business and Professions Code ("UCL") and Private Attorney General Act ("PAGA") claims even if it is ultimately decided that the exemption provided by Labor Code section 514 does not apply to all overtime claims asserted in her complaint. They contend the Court is required to interpret and apply numerous provisions of the CBAs in order to determine an employee's "regular rate" under the CBAs, including whether the wage rate paid was properly increased at the employer's discretion, how enhancements based on room occupancy are to be determined and applied, how enhancements based on the signing of the CBAs are to be applied, how the conflicts between the "seniority bumps" referenced in the CBAs should be applied, how the "Special Events" premium rates are to be applied, how automatic gratuities, delivery charges/fees, and service charges for various tasks are to be determined, how an employee's "home" classification is to be determined , and how to apply the "combination work" enhancement. They further contend the Court will be required to interpret and apply numerous provisions of the CBAs to determine when employees actually worked

---

[2]Defendants provide copies of two CBA from 2010, and 2013. They maintain both contain similar language and are both applicable.

"overtime" and the premium payments owed if they did, including interpretation and application of the terms "full-time employees," "succeeding regular or split shifts," "type of shift," "emergency" and "unexpected business fluctuations,", and "special events," "pyramided" and "premium rate."

Defendants also argue interpretation and application of the CBAs is required to determine Plaintiff's meal and rest period claims. They contend Plaintiff seeks the "premium" payment required by Labor Code section 226.7(b) and IWC Wage Order No. 5 based upon Defendants' alleged failure to provide Plaintiff and putative class members with meal/rest periods as required by Labor Code section 512 and the Wage Order. They maintain the premium payment required by those provisions is calculated in accordance with an employee's regular rate which requires interpretation of the CBAs' provisions. They further contend preemption applies to the meal and rest period claims because the scheduling provisions of the CBAs include language specifically addressing both meal and rest periods.

Defendants further argue interpretation and application of the CBAs is required to determine Plaintiff's split shift claims. They maintain it will not be possible to determine the minimum wage for the workday without taking into account how all the premium pay/automatic gratuities/delivery charges/delivery fees/service charges, etc. are applied, how the employee's home classification is determined and how to apply any combination work enhancement. They further maintain the CBAs reference "split shifts" but do not define them.

Additionally, Defendants argue interpretation and application of the CBA is required to determine Plaintiff's wage statement claims which seeks penalties for Defendants alleged failure to include information required by the statute including correct gross wages earned, correct and accurate net wages earned, correct piece-rate units worked and correct and accurate hourly rates on wage statements issued to Plaintiff and the putative class. They maintain the provisions of the CBAs providing fixed gratuities, service charges, delivery charges, banquet charges, etc. will be required to be interpreted to

1 determine whether those amounts should be categorized as piece-rate units worked or
2 gross wages, the language requiring that overtime be scored in units not less than 15
3 minutes will need to be interpreted, and the Court will need to interpret the terms
4 "pyramiding" "overtime and "premium rate" included in the CBAs' language of the CBAs

5 Defendants likewise argue interpretation of the CBAs is required to determine
6 Plaintiff's waiting time penalty claims, because Plaintiff must show that any failure to pay
7 all wages due at the time of termination was willful which requires interpretation of the
8 varied provisions of the CBAs addressing how pay is calculated.

9 Defendants go on to argue interpretation of the CBA is required to determine
10 Plaintiff's UCL and PAGA claims which are wholly derivative of the overtime, meal/rest
11 period, split shift, wage statement and waiting time penalty claims.

12 In reply, Plaintiff argues her claims are not based on any obligations Defendants
13 have under a CBA but are based solely on California statutes of general applicability and
14 Defendants' exclusive remedy defense cannot transform her action into one arising under
15 federal law. Plaintiff further argues the CBA does not need to be interpreted because her
16 claims are completely separate and apart from the CBA. She contends Defendants'
17 arguments presupposes there is a valid CBA that covers her claims, however the CBA does
18 not apply to temporary employees placed by staffing agencies, nor dishwashers.

19 As discussed above the Court finds the CBAs do not apply to Plaintiff and the
20 putative class members. The Court further finds Plaintiff's claims are based on rights
21 conferred by the California Labor Code and are not substantially dependent on an
22 interpretation of CBAs. To the extent the CBAs may be consulted or relied upon by
23 Defendants in defense of Plaintiff's claims, that is insufficient to find preemption.

24 Accordingly, Plaintiff's action is not preempted by section 301 and her motion to
25 remand is granted.

26 **C. Fees**

27 Plaintiff seeks fees pursuant to 28 U.S.C. section 1447(c). She maintains an award
28 of attorneys's fee is appropriate because there is no objectively reasonable basis for removal

1  in that she is not member of the union and not covered by the CBAs.  The Court finds
2  Defendants' removal was not objectively unreasonable. Accordingly, Plaintiff's request for
3  fees is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for remand is **GRANTED**.  The action is remanded to Superior Court of the State of California for the County of San Diego.
2. Plaintiff's motion for fees is **DENIED**.

Dated:       March 30, 2016

JOHN A. HOUSTON
United States District Judge